UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------

NELLY FERNANDA LOJANO VILLA, as
next friend of
HECTOR FERNANDO LOJANA VILLA,

Petitioner,

v.

**DECISION and ORDER**
26-cv-1617-JON

WARDEN/OFFICER IN CHARGE, BUFFALO
SERVICE PROCESSING CENTER,

Respondent[1]

-------------------------------------------------------------------

Pending before this Court is a second petition for a writ of habeas corpus filed on August 5, 2026, by Nelly Fernanda Lojana Villa as next friend of her son, Hector Fernando Lojana Villa ("Petition"), Dkt. No. 5, and Respondent's Response to the Order to Show Cause filed on August 12, 2026 ("Response"), Dkt. No. 6. The Petitioner has also filed a Reply to the Response, Dkt. No. 11.

The Petitioner is a citizen of Ecuador. On August 9, 2024, he entered the United States unlawfully on August 9, 2024, and was apprehended and processed for expedited removal. When he expressed fear of removal to Ecuador, he was referred to an asylum officer, who found his fear credible. The order for expedited removal was vacated. He was ordered to appear before an immigration court. On September 4, 2024, he was released from detention on parole for one year. On September 15, 2025, he was taken into ICE custody. On January

[1] "[L]ongstanding practice confirms that in habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Clerk is requested to remove all other Respondents from the caption, dismiss the other Respondents from the case, and conform the official caption as above.

22, 2026, an immigration judge ordered him removed to Ecuador. He was then granted withholding of removal to Ecuador. He was then approved for removal to Honduras. He expressed fear of removal to Honduras, and that removal did not occur.

According to an affidavit submitted by Nicholas Dirienzo, an ICE deportation officer, "On or about July 31, 2026, Petitioner was selected and approved for a third country removal to Liberia. There is a removal flight planned to Liberia to occur in September. ICE will attempt to place Petitioner on that manifest for his removal." Dirienzo affidavit, ¶ 15, attached to Response.

The Petitioner seeks her son's release from detention or alternatively a bond hearing. The Respondent seeks denial of the Petition in view of the contemplated removal to Liberia.

The issue as to whether Hector Fernando is entitled to release from confinement or left in confinement for removal to Liberia is governed by the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The Court began its opinion by noting that "[w]hen an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." *Id*. at 682.

The Court then noted that "[a] special statute authorizes further detention if the government fails to remove the alien during those 90 days. It says:

> "'An alien ordered removed . . . [as a result of violations of status requirements or entry conditions . . .] . . .may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision U.S.C. § 1231(a)(6)."

*Id*. (brackets in original). The Court then stated that it had to decide "whether this post-removal-period statute authorizes the Attorney General to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal . . . . [W]e construe the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id*. (emphases in original).

The Court continued, "Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Id*. at 699-700.

Turning to a permissible continued period of detention beyond the statutory 90 days, the Court said, "[W]e think it practically necessary to recognize some presumptively reasonable period of detention." *Id*. at 701. Setting that presumptively reasonable period of detention, the Court said, "We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. . . . Consequently, for the sake of uniform administration in the federal courts, we recognize that period." *Id*.

The Court then outlined the procedure for implementing the length-of-detention standards.

"After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*.

Thus, the initial question is whether the Petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

Although, as the Petitioner contends, the Government has not provided detail as to the likelihood of removal in the reasonably foreseeable future, such as the appearance of Hector Fernando's name on a manifest for a flight to Liberia or the date of a flight's departure, the statements of Deportation Officer Dirienzo that "Petitioner was selected and approved for a third country removal to Liberia," that "[t]here is a removal flight planned to Liberia to occur in September," and that "ICE will attempt to place Petitioner on that manifest for his removal" suffice to defeat Petitioner's claim that she has provided good reason to believe that there is *no* significant likelihood of removal in the reasonably foreseeable future.

Accordingly, it is Ordered that the second Petition is denied, without prejudice to renewal if removal does not occur in September and Hector Fernando remains in detention after September.

It is further Ordered that the Text Order entered August 5, 2026, prohibiting the Petitioner's (meaning Hector Fernando Lojano Villa's) transfer outside the jurisdiction of the Western District of New York, Dkt. No. 4, is amended to permit the contemplated transfer to Liberia during September, provided, however, that if the contemplated transfer to Liberia does not occur in September, the Respondent shall not transfer Hector Fernando from the Western District of New York pending further order of this Court.

So Ordered.

Jon O. Newman,
Senior Circuit Judge,
Sitting by Designation